RECEIVED 
JAN 03 2008  aeu

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JON M. COX #R23562,<br>    On behalf of himself<br>    and all incarcerated persons<br>            PLAINTIFFS,<br><br>v.<br><br>ATTORNEY GENERAL OF ILLINOIS;<br>COUNTY STATE'S ATTORNEYS;<br>ILLINOIS SUPREME COURT JUSTICES;<br>Lt. GOVOERNOR OF ILLINOIS;<br>    Each in their official<br>    capacities<br>            RESPONDENTS. | Bench Trial demanded  JAN 03 2008<br><br><br>08cv48<br>Judge Darrah<br>Mag. Judge Cox |

### PETITION FOR DECLATORY JUDGMENT AND
### TEMPORARY RESTRAINING ORDER

Now comes JON COX, on behalf of himself and the proposed class of persons to be known as MINOR AND ADULT INCARCERATED PERSONS, pursuant to 28 USC §2201, Federal Rules of Civil Procedure Rules 57 and 65, and moves this court for a declatory judgment and a temporary restraining order as pertains to the application of 730 ILCS 5/5-8-1(d) to all said plaintiffs. For their first unaided petition the plaintiffs state as follows:

#### I. NATURE OF THE CASE

1. The parent class of plaintiffs involves all minor and adult persons, who have not been sentenced to natural life, currently incarcerated in the Illinois Department of Corrections facilities, whom are threatened by the irreparable harm caused by misapplication of law as is the present practice of Illinois State officials acting under the color of law. The relevant subclasses of the plaintiffs are offenders whom have already been harmed by illegal incarcerations and those whom are very near to being harmed upon their not distant release.

2. The parent class seeks redress in the form of the lawful application of 730 ILCS 5/5-8-1(d) as was the intendment of the General Assembly's Public Act 80-1099, which went into effect February 1, 1978. The subclasses are hereby reserving their rights as to be declared.

3. All plaintiffs submit that the Respondents' current practice will and does deprive them of their rights: (a) under the Fourteenth Amendment to the Constitution of the United States in violation of 42 USC §§ 1983 and 1985; (b) under Article 1, §§2 and 12 of the Constitution of the State of Illinois.

## II. COUNTS COMMON TO THE CONTROVERSY

4. Incorporating paragrapghs (1)-(3) in this paragraph (4).

5. In its current application, 730 ILCS 5/5-8-1(d), which is deemed **Mandatory Supervised Release** for those sentenced after February 1,1978, and deemed **Parole** for those sentenced before said date, is unconstitutionally appended to the plaintiffs' lawful sentence thereby causing a drastic change to the length of sentence to be served.

6. Currently, after a plaintiff has completed his/her lawful sentence, he/she is subjected to further restrictive measures upon release that infringe upon the **statutory good-time** earned. The extended de facto charge by the Illinois Department of Corrections has caused plaintiffs to be reincarcerated unjustly and without regard to the lawful completion of their sentences.

7. In the matter of incarcerated illegal aliens, upon release of their sentence deducted by the statutory good-time earned, they are arbitrarily deported to their country without serving a Mandatory Supervised Release term. This is another showing of varying applications of law, of a sentence.

8. Each plaintiff's sentence is constitutionally protected. All statutory good-time credits, which are not of the discretionary kind, are to be deducted from a sentence reducing the actual time of a determinate sentence. The good-time schemes are found at 730 ILCS 5/3-6-3.

9. The Attorney General and each of its county prosecutors are charged with enforcing the laws. By reason of wilful neglect, they allow the unconstitutional practices of the appendages of an MSR/Parole term.

10. The members of the Illinois Supreme Court have acted in their discretion to deny relief/adjudication of this MSR/Parole matter without opinion. There are several published Illinois Appellate cases that the Illinois Supreme Court has declined to hear on appeal.

11. The Lieutenant Governor or his subordinate Director of Corrections are the persons carged with the ministerial duties of releasing/reincarcerating a plaintiff after the completion of a valid sentence. The restraing of their duties in this matter is essential in preventing double and triple-fold liability.

### III. CONCLUSION

12. Incorporating paragraphs (1)-(11) in this paragraph (12).

13. The plaintiffs request the declatory relief sought and a temporary restraing order based on these initial pleadings. The relief sought is not inconsistent with nor limited to the following:

(A) The MSR/Parole term was meant to be a graceful allowance from the General Assembly. Therefore, in conjunction with the respective good-time schemes of an offense found in 730 ILCS 5/3-6-3 as pertains to each plaintiff, the authorities must first deduct the statutory good-time credits and then subtract the MSR term from that new figure rendering one's projected out-date. The example is hereby illustrated: If a person was sentenced to 20 years and is statutorily entitled to 4.5 days of good-time per month (the 85% good-time scheme), he/she is constitutionally entitled to release after 17 years.
If the offense committed was a class X felony, the MSR term would be three (3) years. Subtracting that MSR term from 17 years yields the projected out date of 14 years. This new practice proposed was the intendment of the General Assembly.
It is the Judiciary's duty to construe a statute to validity if it can be be done. It is the practice of unconstitutional application that the plaintiffs are in danger of suffering that necssitates adjudication with an opinion.

WHEREFORE, all plaintiffs pray for a declaration of rights and to proceed as a class action.

/s/ Jon Cox
JON COX
Reg. No. R23562
Illinois River Corr. Ctr.
P.O. Box 1900
Canton, Il. 61520

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JON M. COX #R23562 et al.,
        PLAINTIFFS,

v.                                                              No.

ATTORNEY GENERAL OF ILLINOIS et.al.,
        RESPONDENTS.

### PROOF/CERTIFICATE OF SERVICE

    Pursuant to 28 USC 1746, 18 USC 1621, or otherwise, I declare under the penalty of perjury, that I am named in the above action, that I have read the enclosed Petition For Declatory Judgment and Temporary Restraining Order, have included an In Forma Pauperis Application with a financial affidavit with six month ledger, and that I have included a $5.00 filing fee, and that the information contained therein is true and correct to the best of my knowledge.

    The parties set to receive the relevant documents are:

Clerk of the United States District Court
    Prisoner Correspondent
219 S. Dearborn St.
Chicago, Illinois 60604
(original & 2 copies crtfd mail)


Illinois Attorney General
100 W. Randolph St. 12th floor
Chicago, Il. 60601
(1 copy)

The copies are correct and have been duly addressed and affixed with prepaid postage and have been deposited in the Illinois River Correctional Center Post Office located in Canton, Il. 61520, before the hour of 5:00 P.M.

/s/ _____Jon Cox_____
      JON COX

_____Don A. Burkhart_____
NOTARY PUBLIC

Subscribed and sworn to before me this ___ day of December 2007

_____Don A. Burkhart_____
Notary Public

OFFICIAL SEAL
Don A. Burkhart
Notary Public, State of Illinois
My Commission Exp. 08/22/2008