## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 48 | 4-14-08 DATE | 4-14-08 |
| **CASE TITLE** | Jon M. Cox (R-23562) v. Attorney General of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to file *in forma pauperis* [3] is denied as moot because he paid the filing fee. Petitioner's motion pursuant Rule 23 [4] is denied. The Court construes the petition for declaratory judgment and temporary restraining order as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and directs that the docket be adjusted accordingly. The petition for a writ of habeas corpus is stricken. Petitioner is given 30 days from the date of this order, to submit an amended petition. The amended petition must be on the forms required under Local Rule 81.3(a) of this Court. If Petitioner does not comply with this order within 30 days, the Court shall dismiss this action. The Clerk is directed to send Petitioner one copy of the form for an amended petition for a writ of habeas corpus and instructions for filing along with a copy of this order.

■ [For further details see text below.]                                             Docketing to mail notices.

### STATEMENT

    Petitioner Jon M. Cox brings this *pro se* petition for declaratory judgment and temporary restraining order on behalf of himself and a proposed class of persons incarcerated in the Illinois Department of Corrections, who have not been sentenced to natural life. Petitioner claims that 730 ILCS 5/5-8-1(d) (2006), the Illinois statute dealing with Mandatory Supervised Release (MSR) for those sentenced after February 1, 1978, and parole for those sentenced before that date, is being unconstitutionally applied, resulting in a longer sentence.
    In the past, representative actions, analogous to class actions, were possible in federal habeas corpus proceedings under limited circumstances. *United States ex rel. Morgan v. Sielaff*, 546 F.2d 218 (7th Cir. 1976); *Bagel v. Benson*, 513 F.2d 965 (7th Cir. 1975).
    However, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) made a major change in this Court's habeas corpus jurisdiction. Pub.L. 104-132, 110 Stat. 1214, amending 28 U.S.C. §§ 2244 & 2254. This change makes a representative action inappropriate in this case. The AEDPA prohibits successive habeas proceedings without prior permission from the Court of Appeals. This Court lacks jurisdiction to hear any successive habeas corpus petition without prior approval of the Court of Appeals. 28 U.S.C. § 2244(b); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). This Court therefore cannot hear an action, representative or otherwise, on behalf of anyone in the proposed class who has already filed a federal habeas corpus petition, unless the petitioner has secured prior approval from the Court of Appeals. Thus, this Court cannot provide the relief sought for at least some of the proposed class members, who have filed prior petitions for writs of habeas corpus.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Moreover, an inmate who seeks to challenge a state conviction under 28 U.S.C. §2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. §2254(b)(1)(A). To avoid procedural default, a habeas corpus petitioner must present fully and fairly his federal claims to the state courts before he may obtain federal review of those same claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). The state remedy of a writ of mandamus is available for those inmates challenging MSR. *See People v. Marino*, 349 Ill.App.3d 197, 812 N.E.2d 55, 285 Ill.Dec. 466 (2004); *Owens v. Snyder*, 349 Ill.App.3d 35, 811 N.E.2d 738, 285 Ill.Dec. 251 (2004). This Court therefore cannot hear a representative action such as this unless all the class members have exhausted their state remedies.

The Court could conduct a hearing for each potential class member to determine whether he had already filed a federal habeas petition and had exhausted his state remedies. However, such individualized hearings would render the representative form of action unworkable. A representative action will not work for the proposed class members who have not yet filed a federal habeas petition. The claims of proposed class members must be cohesive in a representative action for injunctive relief. *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1121 (8th Cir. 2005); *Barnes v. American Tobacco Co.*, 161 F.3d 127, 143 (3rd Cir. 1998). This means that the class members must have a common basis for the relief sought. *Barnes*, 161 F.3d at 143. If potential class members have other claims for habeas corpus relief based on their individual circumstances, then a representative action either: (1) would become unworkable; or (2) would work significant unfairness on the rights of class members. *Barnes*, 161 F.3d at 143. If each potential class member could present his individual claims for habeas corpus relief, then the representative action would become unworkable because the Court would have to adjudicate each class member's claims separately. The representative action would break down into separate actions for individual relief. If the Court considered only the claims brought by the named Petitioners, then the proposed class members would be harmed because they would be bound by the decision in this case even though their other individual claims were not considered. *Id.*

The potential harm to proposed class members is magnified in the habeas corpus context because each class member can only bring one habeas action without the permission of the Court of Appeals. 28 U.S.C. § 2244(b). Many proposed class members may have individual claims that are unrelated to Petitioner's claim that the statute governing MSR is applied unconstitutionally. Those proposed class members, in most cases, would be precluded from seeking habeas corpus relief in a successive habeas corpus petition. In light of this risk to the rights of proposed class members, the Court would be forced to hear each class member's unrelated claims. The individualized adjudication of each class member's unrelated claims would make the representative action unworkable. A representative action, therefore, is not appropriate in this case.

However, if Petitioner wishes to file an amended petition for a writ of habeas corpus in regard to his individual situation, he may do so. The petition for a writ of habeas corpus is accordingly stricken. Petitioner is given 30 days from the date of this order to submit an amended petition. The amended petition must be on the forms required under Local Rule 81.3(a) of this Court. Petitioner must write both the case number and the judge's name on the petition and return the originally filled out and signed form and a copy for the judge and a copy for the Attorney General to the Prisoner Correspondent. Petitioner is advised to keep a copy for his files. The copies of his petition may either be exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Petitioner chooses to make conformed copies then he may request more copies of the amended petition form from the Prisoner Correspondent.

The amended petition replaces or supersedes the original petition. In other words, after Petitioner files an amended petition, the Court no longer considers the original petition. Thus, grounds contained in the original petition will not be considered if they are not included in the amended petition. Therefore, Petitioner **must include in his amended petition all grounds he wants the Court to consider.**